[Crim. No. 9093.   Second Dist., Div. One.   Dec. 2, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JUAN HERMINIO CUELLAR, Defendant and Appellant.

Daye Shinn for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gordon Ringer, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—Defendant Cuellar and one Harold Lumar were accused of attempted burglary. Cuellar admitted an allegation of the information that he had been convicted previously of burglary, a felony. In a nonjury trial Cuellar was adjudged guilty of attempted burglary of the second degree, and Lumar was adjudged not guilty. Cuellar appeals from the judgment and the order denying his motion for a new trial.

On January 5, 1963, about 5 p.m., when Mrs. Blem, the owner of a food store at 2521 La Salle Street in Los Angeles, closed the store for that day, the windows of the building were in good condition and everything in the store was in order. When she returned there about 11 p.m. of that day, after having received a telephone call, she found that the glass in the front door and the back window had been broken and that glass was inside the store and on the window ledge. She had not given anyone permission to enter the store.

About 10 p.m. of said day, when Mr. Valenz, who resided in an apartment above the store, went downstairs he saw the two defendants standing at the back of a laundromat which was next to the store. He heard one of them say, "Let me in through the back." After a conversation with them in which Valenz indicated that he was going to the liquor store (a block away), one of them asked him to bring back a pint of liquor, and gave him the money to pay for it. About five minutes after he arrived at the liquor store, the defendants came there and he gave the liquor to them and then returned alone to his home. About 10 minutes thereafter he heard a noise at the front door. He did not see the defendants after he left the liquor store.

About 10:30 p.m. of said day, while Mrs. Valenz, wife of the preceding witness, was in her home above the store she heard an unusual noise which sounded as if someone were pounding on something. Then she went to her kitchen window, heard the crash of glass, looked outside, and saw defendant Cuellar squatting on the ledge of the back window of the food store. When she asked him what he was doing there, he looked up at her, jumped off the ledge, and went hurriedly through the laundromat door. A large electric light was on the corner of the building, and when defendant looked up at

Mrs. Valenz she saw his face for a period of approximately three seconds.

About 10:15 or 10:30 p.m. of said day, while Mrs. Boone, who lived across the street from the store, was outside her house she heard glass breaking. Then she saw that the front window of the store was broken, and that two men were running down the street. She could not identify those men, but she noticed that one of them was wearing a brown sweater or shirt, and that the other one was wearing a gray or white shirt or jacket.

Officer Ritter arrested the defendants on said day about 11 p.m. at a place which was about one block from the store, and at that time defendant Cuellar was wearing a gray sweater, and Lumar was wearing a brown sweater. The officer took the men to the store, where he saw that the front and back windows were smashed, there were fresh pry marks on the back door, and there was merchandise inside the front window.

Defendant Cuellar testified as follows: On said day about 10 p.m. when he and Lumar were in the laundromat talking with persons there, Mr. Valenz came through the laundromat on his way to the liquor store. They asked him to get a half pint of whiskey for them, and they gave him the money to pay for it. A few minutes thereafter they went to the liquor store, about a block away, and met Mr. Valenz there. They did not return with him to the laundromat, but they went the other way—they went from Adams and Hobart Streets (where the liquor store was located) to 25th Street and then on 25th Street to the driveway of his (Cuellar's) home, where the police came up in a car. He (Cuellar) did not sit on the window ledge of the store, nor break any window or try to force a door at the store. He had been convicted previously of burglary.

Defendant Lumar testified in substance the same as Cuellar had testified, except that Lumar said that he had been convicted previously of grand theft.

Officer Spencer, testifying in rebuttal, said that Cuellar told him that after he and Lumar left the liquor store they walked east on Adams Street to La Salle Street, and then north to 25th Street.

Appellant contends that the evidence was insufficient to support the judgment. His argument is that the testimony of Mrs. Valenz identifying the defendant should have been disregarded because she was impeached in that she had testified at the preliminary examination that she did not get a good

look at defendant. In his brief he states that, at the preliminary examination, she said: "Well, I wasn't paying that much attention. In fact, he didn't let me get that good a look." Appellant has quoted that answer out of the context of the question. The question (which was not quoted) was: "All right, do you recall? Did he have long or short hair?" It thus appears that her answer was not to the effect that she could not identify him, but was to the effect that she did not get a sufficient look at him to enable her to say whether his hair was long or short. At the trial she testified that in the light cast by a 300-watt bulb she saw Cuellar's face as he looked up toward her when she asked him what he was doing. She identified him as the man who was on the ledge of the broken window. ██ The matter of credibility of the witnesses was for the determination of the trial judge. (*People* v. *Ashley*, 42 Cal.2d 246, 266 [267 P.2d 271].) ██ The evidence was sufficient to support the judgment.

The order denying the motion for a new trial is not appealable.

The purported appeal from the order denying motion for a new trial is dismissed. The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.